## No. 3758.—PIERRE AILLET *v.* JAMES C. WOODS.

A note given in renewal of one which is secured by a vendor's privilege on real estate is not a novation of the debt, nor is the privilege lost. But if the mortgage has not been reinscribed within ten years, then the vendor's privilege would be postponed to other mortgages of prior date to the reinscription. 2 An. 100.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *Posey,* J. *Barrow & Pope,* for plaintiff and appellee. *H. M. Favrot,* curator *ad hoc,* appellant.

HOWE, J. This is a suit upon a promissory note drawn as follows, to wit:

"$1000.　　　　　　　　　WEST BATON ROUGE, March 1, 1861.

"Five years after date I promise to pay to the order of Mr. Pierre Aillet, the sum of one thousand dollars, loaned money, with five per cent. interest from date, payable annually in the month of March, and if the interest should fail to be paid, then the principal and interest, both due.

"(Signed,)　　　　　　　　　　　　　JAS. C. WOODS."

The suit was filed December 3, 1866, and citation served on defendant on the fifth. An amended petition was filed on April 4, 1867, alleging that the note sued on was given in renewal of one originally given by defendant to plaintiff for the purchase price of a tract of land, and bearing vendor's privilege of date the twentieth of July, 1854.

Upon suggestion that the defendant had become an absentee, a curator *ad hoc* was appointed to represent him.

The defense is a general denial, novation, and a plea of five and ten years' prescription and the judgment was rendered in favor of plaintiff, with recognition of his vendor's privilege on the property described in the act of sale. The curator *ad hoc* has appealed.

There is evidence in the record to show that the note was given as alleged by plaintiff in renewal of one having a vendor's privilege on the land described, and we do not perceive any force in the pleas of novation and prescription.

The act of sale of the land was recorded July 20, 1854, and reinscribed November 10, 1865. The privilege may have been postponed by peremption, to the claims of other privileged or mortgage creditors of defendant, but it was not necessarily lost as to the defendant himself. Rev. C. C. 3369, Shepherd *v.* Orleans Press, 2 An. 113. The principal debt seems to have been kept alive; no other creditor is before us and we do not see clearly what practical interest the defendant has in the only question which he discusses with much earnestness, namely: whether the judgment was correct in according a vendor's privilege on the land.

Judgment affirmed.